UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **LEONEL CANTU**, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>**C&J ENERGY SERVICES, INC.  AND C&J SPEC-RENT SERVICES, INC.**<br><br>    Defendant. | §§§§§§§§§§§§§§§ Docket No.<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

## COLLECTIVE AND CLASS ACTION COMPLAINT

### I. SUMMARY

1. Leonel Cantu ("Plaintiff") brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA") and the New Mexico Minimum Wage Act ("NMMWA") from C&J Energy Services, Inc. ("C&J") and C&J Spec-Rent Services, Inc. ("Spec-Rent") (collectively, "Defendants"). Plaintiff, and other workers like him, were typically scheduled for 12+ hour shifts, 7 days a week, for those weeks that he was scheduled to work in the oilfield. But these workers did not receive overtime pay for hours worked in excess of 40 in a single workweek. Instead of paying overtime as required by the FLSA, Defendants paid Plaintiff a salary and ticket bonus. This collective and class action seeks to recover the unpaid overtime wages, liquidated damages, costs, attorneys' fees, and other damages owed to these workers.

### II. JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b). The Court also has federal jurisdiction over the state law class action pursuant to the jurisdictional provisions of the

Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over the various state sub-class pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because many of the relevant facts occurred here. Plaintiff performed a substantial amount of his unpaid work for Defendants in this District and Division. Also, Defendants maintain offices and engage in operations in this District and Division.

### III.   THE PARTIES

4. Leonel Cantu, who worked out in the oilfield on Defendants' fracturing crews during the relevant statutory time period, did not receive one and one half times his regular rate of pay for hours worked in excess of 40 in a single work week. His consent to be a party plaintiff is attached as Exhibit A.

5. The class of similarly situated employees ("FLSA Class Members") consists of:

> **ALL FRAC SUPERVISORS EMPLOYED BY C&J ENERGY SERVICES, INC. AND/OR C&J SPEC-RENT SERVICES, INC. OVER THE PAST 3 YEARS WHO WERE PAID A SALARY AND/OR A BONUS WITH NO OVERTIME COMPENSATION**

6. The class of similarly situated employees who worked in New Mexico ("New Mexico Class Members") consists of:

> **ALL FRAC SUPERVISORS WHO WORKED IN NEW MEXICO WHILE EMPLOYED BY C&J ENERGY SERVICES, INC. AND/OR C&J SPEC-RENT SERVICES, INC. OVER THE PAST 3 YEARS AND WERE PAID A SALARY AND/OR A BONUS**

(collectively, the "FLSA Class Members" and the "New Mexico Class Members" are referred to as the "Class Members.")

7. The members of each class are easily ascertainable from Defendants' business and personnel records.

8. Defendant C&J Energy Services, Inc. may be served through its registered agent: **Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701**.

9. Defendant C&J Spec-Rent Services, Inc. may be served through its registered agent: **Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701**.

10. Defendants are joint employers pursuant to 29 C.F.R § 791.2. They have common ownership, oversight and control over both C&J and Spec-Rent and the Putative Class Members. Discovery will show that there are no real, legitimate or other meaningful differences between the two entities—both of which are owned and operated by the same parent company and individuals. As a result, Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the act, including the overtime provisions, with respect to the entire employment for the work weeks at issue in this case.

## IV. COVERAGE UNDER THE FLSA

11. At all times hereinafter mentioned, Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all times hereinafter mentioned, Defendants have been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all times hereinafter mentioned, Defendants have been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or

business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

14. At all times hereinafter mentioned, Plaintiff and the Class Members were engaged in commerce or in the production of goods for commerce.

### V. Facts

15. C&J is a global company. http://www.cjenergy.com/. Spec-Rent is a subsidiary of C&J.

16. Defendants provide fracturing, coiled tubing, wireline logging, pipe recovery, perforating, pressure pumping, and wellsite make-up and pressure testing services to the oil and gas industry. http://www.cjenergy.com/services/well-completions/hydraulic-fracturing/.

17. Defendants operate in the major U.S. shales, including Texas, Oklahoma, Louisiana, Pennsylvania, North Dakota, and the Rocky Mountain states. http://www.cjenergy.com/company-profile/areas-of-operation/.

18. Defendants have offices in Western Canada, Dubai, and throughout the Middle East. http://www.cjenergy.com/company-profile/areas-of-operation/.

19. Defendants employ numerous Frac Supervisors to serve these oil and gas companies.

20. Plaintiff worked for Defendants as part of a crew in the Fracturing Division. Plaintiff, like other Frac Supervisors, spent the majority of his time operating oilfield machinery, collecting, relaying, and testing data, and reporting daily activities to both company men and his supervisors for analysis.

21. Plaintiff and the Class Members conducted their day-to-day activities within designated parameters and in accordance with a predetermined job procedure. The daily and weekly activities of Plaintiff and the Class Members were routine and largely governed by standardized plans, procedures and checklists created by Defendants. Virtually every job function was

predetermined by Defendants, including the tools, chemicals, and sand to use at a job site, the data to compile/test, and schedule of work and related work duties. Plaintiff and the Class Members were prohibited from varying their job duties outside of the predetermined procedures. Moreover, the job functions of Plaintiff and the Class Members were primarily technical and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree. Plaintiff and the Class Members did not have management duties. Finally, for the purposes of an FLSA overtime claim, Plaintiff and the Class Members performed substantially similar job duties related to servicing oil and gas operations in the field.

22. While the exact job titles may have differed, this does not prevent collective treatment under the FLSA since all Frac Supervisors performed the similar type of job duties and were all subject to similar pay practices.

23. Plaintiff and the Class Members also worked similar hours and were all denied overtime as a result of the same illegal pay practice. Plaintiff and the Putative Class Members were generally scheduled to work 84-112 hours per week worked, but often worked even more.

24. Instead of paying them overtime, Defendants paid Plaintiff and the Class Members a hybrid salary and job bonus without overtime for all hours worked in excess of 40 in a single workweek. As the controlling law makes clear, the technical and manual nature of the duties which were performed by the Class Members consists of *non*-exempt work. Therefore, they are entitled to overtime pay at the rates required by the FLSA.

25. Defendants owe back overtime wages to Plaintiff and all of the Class Members, all of whom work long hours each work week without proper overtime compensation.

### VI. FLSA VIOLATIONS

26. As set forth herein, Defendants violated, and are violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of

goods for commerce within the meaning of the FLSA for work weeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

27.     Defendants knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Class Members proper overtime compensation. Defendants' failure to pay proper overtime compensation to these employees was neither reasonable, nor was the decision not to pay proper overtime made in good faith.  Accordingly, the Putative Class Members are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

## VII.     NEW MEXICO MINIMUM WAGE ACT ALLEGATIONS

28.     The conduct alleged in this Complaint violates the NMMWA. NMSA § 50-4019, *et seq*. Defendants were and are "employers" within the meaning of the NMMWA. At all relevant times, Defendants employed Plaintiff and the New Mexico Class Members as an "employee" within the meaning of the NMMWA.

29.     The NMMWA requires employers like Defendants to pay overtime to all non-exempt employees. Plaintiff and the other New Mexico Class Members are non-exempt workers who are entitled to be paid overtime for all overtime hours worked.

30.     Within the applicable limitations period, Defendants had a policy and practice of failing to pay overtime to the New Mexico Class Members for their hours worked in excess of 40 hours per week. As a result of Defendants' failure to pay overtime to Plaintiff and the New Mexico Class Members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants violated the NMMWA.

31.     Plaintiff and the other New Mexico Class Members seek the amount of their underpayments based on Defendants' failure to pay one and one-half time their regular rates of pay

for work performed in excess of 40 hours in a workweek, an equal amount as liquidated damages, and such other legal and equitable relief from Defendants' willful conduct as the Court deems just and proper. Defendants and the New Mexico Class Members seek recovery of attorneys' fees and costs of this action to be paid by Defendants, as provided by the NMMWA.

### VIII. COLLECTIVE AND CLASS ACTION ALLEGATIONS

32. Numerous employees were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and NMMWA. Many of these employees worked with Plaintiff and reported that they were paid in the same manners as describe herein and were not properly compensated for all hours worked as required by the FLSA and NMMWA. Thus, from his observations and discussions with these employees, Plaintiff is aware that the illegal practices or policies of Defendants were imposed on the Class Members.

33. The Class Members all regularly worked in excess of 40 hours per week and were not paid proper overtime compensation. These employees are victims of Defendants' unlawful compensation practices and are similarly situated to Plaintiff in terms of relevant job duties, pay provisions, and employment practices.

34. Defendants' failure to pay wages and overtime compensation at the rates required by the FLSA and NMMWA result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Class Members. Thus, Plaintiff's experiences are typical of the experiences of the Class Members.

35. The specific job titles or precise job locations of the various FLSA and New Mexico Class Members does not prevent collective treatment. All of the Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

36. Plaintiff has no interests contrary to, or in conflict with, the members of each class. Like the FLSA and New Mexico Class Members, Plaintiff has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

37. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

38. Absent this action, many Class Members likely will not obtain redress of their injuries and Defendants will reap the unjust benefits of violating the FLSA and NMMWA.

39. Furthermore, even if some of the Class Members could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.

40. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

41. The questions of law and fact common to each of the Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether Defendants employed the members of each class within the meaning of the applicable state and federal statutes, including the FLSA and NMMWA.

    b. Whether the members of the FLSA and NMMWA classes were properly classified as exempt from the overtime requirements;

    c. Whether Defendants' decision to not pay time and a half for overtime to the members of the FLSA and NMMWA classes was made in good faith;

    d. Whether Defendants' violation of the FLSA and NMMWA was willful; and

    e. Whether Defendants' illegal pay practices were applied uniformly across the nation to all members of the FLSA and NMMWA classes.

42. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

43. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

### IX. JURY DEMAND

44. Plaintiff demands a trial by jury.

### X. RELIEF SOUGHT

45. WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

   a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff and the FLSA Class Members and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff and the Putative Class Members;

   b. For an Order pursuant to FRCP 23 certifying the New Mexico Class as a class action;

   c. For an Order awarding Plaintiff and the Class Members the costs of this action;

   d. For an Order awarding Plaintiff and the Class Members their attorneys' fees;

   e. For an Order awarding Plaintiff and the Class Members unpaid benefits and compensation in connection with the FLSA and NMMWA violations;

   f. For an Order awarding Plaintiff and the Class Members pre- and post-judgment interest at the highest rates allowed by law;

   g. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
    Michael A. Josephson
    Fed. Id. 27157
    State Bar No. 24014780
    mjosephson@fibichlaw.com
    Jessica M. Bresler
    Fed Id. 2459648
    State Bar No. 24090008
    jbresler@fibichlaw.com
    Andrew Dunlap
    Fed Id. 1093163
    State Bar No. 24078444
    adunlap@fibichlaw.com
    Lindsay R. Itkin
    Fed Id. 1458866
    State Bar No. 24068647
    litkin@fibichlaw.com
    **FIBICH, LEEBRON, COPELAND,**
    **BRIGGS & JOSEPHSON**
    1150 Bissonnet
    Houston, Texas 77005
    713-751-0025 – Telephone
    713-751-0030 – Facsimile

    **AND**

    Richard J. (Rex) Burch
    Fed. Id. 21615
    Texas Bar No. 24001807
    **BRUCKNER BURCH, P.L.L.C.**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**